13-4346
Shi v. Lynch

BIA
Hom, IJ
A200 751 372

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand fifteen.

PRESENT:
>        DENNIS JACOBS,
>        PETER W. HALL,
>        DEBRA ANN LIVINGSTON,
>             *Circuit Judges.*

_____

HUIXIN SHI,
>        *Petitioner,*

v.                                         13-4346
                                           NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*[*]

_____


FOR PETITIONER:        Gary J. Yerman, New York, NY.

_____

[*]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:**       Stuart F. Delery, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; John M. McAdams, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Huixin Shi, a native and citizen of China, seeks review of an October 31, 2013, order of the BIA, affirming the July 9, 2012, decision of an Immigration Judge ("IJ"), denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huixin Shi*, No. A200 751 372 (B.I.A. Oct. 31, 2013), *aff'g* No. A200 751 372 (Immig. Ct. New York City July 9, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of

review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

I.   Past Persecution

The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive."  *In re Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985), *overruled, in part, on other grounds, by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006).  A past persecution finding may be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe to rise above "mere harassment," *Ivanishvili*, 433 F.3d at 341.  "[T]he difference between harassment and persecution is necessarily one of degree that must be decided on a case-by-case basis."  *Id*.

The agency reasonably determined that Shi's past harm did not rise to the level of persecution.  Shi was not physically mistreated during her detention, and was permitted to continue studies at her government sponsored

3

college.  The agency also reasonably concluded that Shi did not suffer economic persecution because she did not provide evidence of her financial situation at the time she was fined, or allege that she suffered any economic disadvantage as a result of the fine, as required.  *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67, 70 (2d Cir. 2002); *accord In re T-Z-*, 24 I. & N. Dec. 163, 170-75 (B.I.A. 2007).

II.  Well-Founded Fear of Future Persecution

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution.  8 C.F.R. § 1208.13(b)(2).  "An asylum applicant can show a well-founded fear of future persecution in two ways: (1) by demonstrating that he or she 'would be singled out individually for persecution' if returned, or (2) by proving the existence of a 'pattern or practice in [the] . . . country of nationality . . . of persecution of a group of persons similarly situated to the applicant[.]'"  *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (quoting 8 C.F.R. § 1208.13(b)(2)(iii)).

The agency did not err in finding that Shi failed to show she would be singled out individually for persecution.

4

*See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (observing that, absent "solid support in the record," a fear of persecution is "speculative at best"). The agency reasonably found that the country conditions, which reflected problems for religious leaders and large underground church congregations, did not support a well-founded fear of persecution for Shi because she was not a religious leader and attended a small underground church. The agency also reasonably observed that the 2011 ChinaAid Report documented only one instance of a raid on a house church in Shi's home Province. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 149-50, 159-60, 163-65 (2d Cir. 2008). Though Shi contends that the agency selectively cherry picked evidence to support its burden finding, the task of resolving conflicts in the record evidence lies "largely within the discretion of the agency," *id.* at 171, and the record does not compellingly suggest that any material evidence was ignored, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006).

The agency also did not err in finding that Shi failed to establish a pattern or practice of persecution of underground church members in China. To establish a pattern or practice of persecution against a particular group, a

petitioner must demonstrate that the harm to that group is "systemic or pervasive." *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir. 2007). Here, the country conditions evidence reflected variation in the treatment of house church members in China. Moreover, the agency reasonably determined that Shi had failed to establish a substantial risk of persecution in her locality. The agency therefore did not err in finding that Shi failed to establish a pattern or practice of persecution of underground church members in China.

Because the agency did not err in finding that Shi failed to demonstrate a well-founded fear of persecution, it also did not err in finding that she failed to meet the higher burden required for withholding of removal or CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006); *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk